# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VERNON KREMER,<br><br>    Petitioner,<br><br>    v.<br><br>H.A. Rios, Jr., et.al.,<br><br>    Respondents. | 1:08-cv-01711-DLB HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 1] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## BACKGROUND

Petitioner committed the instant federal offense of Distribution of Cocaine to a Person Under the Age of 21, and Use of a Firearm in Furtherance of a Drug Trafficking Crime on June 14, 2003. (Exhibit 2, Declaration of Forest Kelly-Attachment One, Judgment in a Criminal Case, case number CR 03-103-LRR.)

On June 16, 2003, Petitioner was arrested by local authorities in Linn County, Iowa, for

---

[1] Respondent indicates that as of October 27, 2008, Warden H.A. Rios, Jr., replaced Warden Dennis Smith as warden at United States Penitentiary at Atwater, California. Therefore, Warden Rios is substituted for Warden Smith, as Respondent in this action.

In addition, Petitioner names Former Attorney General Michael Mukasey as a Respondent in this action. However, because the Former Attorney General is not the custodian of Petitioner, he cannot be a named Respondent in this action and must be dismissed. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (in a habeas challenge, "the proper respondent is the warden of the facility where the prisoner is being held. . .").

1

1 the state offense of Conspiracy to Commit Burglary (first degree). That arrest also resulted in the
instant federal offense of Felon in Possession of a Firearm. (Exhibit 2, Declaration of Forest
Kelly.)

On October 27, 2003, Petitioner was transferred to federal custody pursuant to a <u>writ</u> <u>of</u>
<u>habeas</u> <u>corpus</u> <u>ad</u> <u>prosequendum</u>. (<u>Id</u>. at Attachment Two, Individual Custody and Detention
Report - USM 129.)

On May 27, 2004, Petitioner was sentenced in the United States District Court for the
Northern District of Iowa to a 133-month term of imprisonment for Felon in Possession of a
Firearm, Use of a Firearm in Furtherance of a Drug Trafficking Crime, and Distribution of
Cocaine to a Person Under the Age of 21. The Judgment does not indicate that the sentencing
court ordered the sentence to be served concurrently with any sentence yet to be imposed.
(Exhibit 2, Declaration of Forest Kelly-Attachment One, Judgment in a Criminal Case.)

Petitioner was subsequently returned to state custody on June 2, 2004. (Exhibit 2,
Declaration of Forrest Kelly-Attachment Two, USM 129.)

On June 4, 2004, Petitioner was sentenced in Linn County, Iowa, case number
FECR051970, to a 180-day term of confinement for Attempted Burglary (third degree)
committed on June 16, 2003. On this same date, Petitioner was also sentenced in case number
FECR042497, to a 180-day term of confinement for a probation violation. At the time of
sentencing, the court found that Petitioner had already served the 180-day jail terms. (Exhibit 2,
Declaration of Forrest Kelly-Attachment Three, Charges, Dispositions, Sentences information;
Case Number FECR051970, Linn County Iowa; and Attachment Four, Charges, Dispositions,
Sentences information; Case Number FECR042497, Linn County, Iowa.)

The 180-day period was for the period of time Petitioner spent in official detention from
June 16, 2003 to December 12, 2003. (Exhibit 2, Declaration of Forest Kelly.)

Petitioner was released to the custody of the federal authorities on June 4, 2004. (Exhibit
2, Declaration of Forest Kelly-Attachment Two, USM 129.)

In the instant petition, Petitioner contends that the Bureau of Prisons has failed to
properly compute his federal sentence to allow for prior custody credit from June 2003 to June

2

2004.

Respondent filed an answer to the petition on March 25, 2009, and Petitioner filed a traverse on April 27, 2009. (Court Docs.16, 18.)

DISCUSSION

I. Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the United States Prison in Atwater, California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

II. Exhaustion Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,

3

1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." In sentence computation cases, a defendant must "commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the denial of credit for time served in custody." United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).

Respondent initially argues that Petitioner has failed to exhaust the available administrative remedies. Respondent submits the declaration of Cecilia Burks, Correctional Programs Secretary and Administrative Remedy Clerk at BOP, who indicates that Petitioner has filed a total of six administrative remedies. (Exhibit 3, Declaration of Cecilia Burks, at p. 2.) The third three grievances were raised at the Federal Correctional Institution in Leavenworth, Kansas (FCI Leavenworth), between September 2004 and November 2004, challenging his security classification. (Id. at p. 3.) He has filed three grievances while confined at USP Atwater, in October and December 2008, two challenging his security classification, and the other concerned a safety issue. (Id.) Petitioner has not filed an administrative grievance addressing the improper sentence computation claim raised in the instant petition. (Id.)

On the form petition, Petitioner states that he "attempted 3 times at three institutions and was never responded to." (Petition, at 3.) In his traverse, Petitioner again states that he attempted to file grievances at three separate institutions, including Atwater, but received no response. Petitioner specifically states that upon at the United States Penitentiary, McCreary, he "was eager to gain resolution to my jail credit . . . as a 'hold-over' inmate and tried to travel alternative avenues, I asked the A.W. at [the facility] during his rounds in the SHU" and such request was denied on the belief that all the time spent in state custody was credited toward his state sentence. (See Attachment 5, to Traverse, Letter Response dated November 16, 2007.)

Petitioner also submits a copy of a letter he submitted to prison official "Sheldrick" on November 18, 2007, in which he received a response stating: "A review of your request indicates you were serving a State Sentence when you were sentenced in Federal Court on 5-27-04. You completed your state sentence on 6/4/04, and began the service of your Federal Sentence. Since the time was credited to another sentence, it was not credited to your Federal Sentence." (See Attachment 6, to Traverse.) Then on August 14, 2008, Petitioner filed an informal grievance (BP-9) while housed in Atwater, again complaining that he did not receive full credit for his time spent in state custody. (Attachment 9, to Traverse.) On October 28, 2008, the grievance was denied stating "Per the Inmate Systems Department you received the jail credit in question on your state sentence therefore you cannot receive credit for those days on your federal sentence." (Id.)

Although it appears that Petitioner may not have fully utilized the proper administrative procedure, Petitioner did attempt, on several occasions, to have the problem corrected, and the responses he received indicate that any further attempt would likely have been futile given the Bureau of Prisons' misunderstanding (discussed *infra*) that he had received full credit of any prior state custody time toward his state sentence. Thus, the Court will excuse exhaustion in this instance.

III. <u>Custody Time Credit</u>

Petitioner claims he is entitled to the benefit of the time spent in official custody from June 16, 2003 through June 4, 2004, against his federal sentence.

    A. <u>Petitioner is Not Entitled to Double Credit Against His Federal Sentence</u>

It appears Petitioner claims that because he was sentenced in federal court first, he is entitled to credit custody credit against that sentence for all the time spent in custody. In addition, Petitioner appears to believe that he is entitled to further credit against his federal sentence since he plead guilty under the impression that his state and federal sentences would run concurrently. Petitioner's claims are without merit.

Title 18 U.S.C. § 3585(a) states: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention

facility at which the sentence is to be served." The attorney General is responsible for sentence computation decisions under § 3585. <u>United States v. Wilson</u>, 503 U.S. 329 (1992); <u>United States v. Checchini</u>, 967 F.2d 348, 350 (9th Cir. 1992). Sentence computation authority has been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96; <u>see</u> also <u>United States v. Moore</u>, 987 F.2d 1029 (8th Cir. 1992).

Pursuant to 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence.</u>

18 U.S.C. § 3585(b) (emphasis added).

In <u>United States v. Wilson</u>, 503 U.S. 329 (1992), the Supreme Court noted that, under section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." <u>Id</u>. at 337. Thus, under section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence. <u>United States v. Von Willie</u>, 59 F.3d 922, 930-931 (9th Cir. 1995); <u>United States v. Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993).

A federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of <u>habeas corpus ad prosequendum</u>. <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1366-67 (9th Cir. 1991). Pursuant to Program Statement 5880.28, "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." (Exhibit 2, Declaration of Forest Kelly, citing PS 5880.28, page 1-20B.) When a prisoner is borrowed from primary custody by way of a writ of ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed. <u>See United States v. Warren</u>, 610 F.2d at 684-685.

In this case, the federal offenses occurred on June 14, 2003. Petitioner was arrested two days later, on June 16, 2003, by local authorities in Linn County, Iowa, for the state charge of Conspiracy to Commit Burglary. Thus, because Petitioner was initially arrested by state officials on state charges, the state obtained primary jurisdiction and custody. See e.g. Del Guzzi v. United States, 980 F.2d 1269, 1270-1271 (9th Cir. 1992). The circumstances of the arrest also lead to the instant federal offense of Felon in Possession of a Firearm. (Exhibit 2, Declaration of Forest Kelly.) Petitioner was transferred to federal custody pursuant to the writ to face the federal charges on October 27, 2003. Id. Although Petitioner was in the physical custody of the United States Marshal during the time the federal writ was pending, he was still in the primary custody of the State of Iowa, which had not relinquished its jurisdiction by temporarily surrendering physical custody to the federal government. Id.; United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980) (discussing priority of custody and service as between state and federal sovereigns). On May 27, 2004, Petitioner was sentenced in the United States District Court for the Northern District of Iowa to a total term of 133-months (with no indication that the court ordered the sentence to be served concurrently with any sentence not yet imposed) for the federal offenses of Felon in Possession of a Firearm, Use of a Firearm in Furtherance of a Drug Trafficking Crime, and Distribution of Cocaine to a Person Under the Age of 21. (Exhibit 2, Declaration of Forest Kelly.) Petitioner was subsequently returned to the physical custody of the state on June 2, 2004. On June 4, 2004, he was sentenced in Linn County, Iowa, case number FECR051970, to a 180-day term of confinement for the Attempted Burglary charge, committed on June 16, 2003. On this same day, he was also sentenced in case number FECR042497, to a 180-day term of confinement for the Probation Violation charge. At the time of sentencing, the court determined that Petitioner had already served the 180-day jail terms just imposed. Id.

The 180-day period was credited for the period of time Petitioner spent in official detention from June 16, 2003 to December 12, 2003. This period of time included the time that Petitioner was transferred to the physical custody of the U.S. Marshals, which was properly credited toward his state sentence. Therefore, under § 3585(b), Petitioner cannot receive credit toward his federal sentence for that same time period because it was already credited toward his

separate state sentence. (Exhibit 2, Declaration of Forest Kelly.)

  B.  Petitioner Has Received Credit for Time Spent in Official Custody Not Credited Against Another Sentence

Petitioner was relinquished to the custody of the federal authorities on June 4, 2004. Therefore, pursuant to § 3585(a), his sentence began to commence on that date. (See also Exhibit 2, Declaration of Forest Kelly.)

Upon review of the instant federal petition, the BOP discovered that the period of time Petitioner spent in official detention from December 13, 2003 until June 3, 2004, was pre-sentence custody credit that had "not been credited against another sentence, and Petitioner was therefore entitled to that credit toward his instant federal sentence. In response, BOP prepared an updated sentence computation for Petitioner, based on his 133-month term of imprisonment beginning June 4, 2004, with custody credit from December 13, 2003 to June 3, 2004, resulting in a release date, via Good Conduct Time, of August 31, 2013. (Exhibit 2, Declaration of Forest Kelly-Attachment Nine, at pp. 3-4, Public Information Inmate Data as of December 18, 2008.) Consequently, Petitioner has now received all prior-custody credits for which he is entitled, and no further relief is warranted. Accordingly, the instant petition for writ of habeas corpus must be denied.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED; and

2. The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

 **Dated: May 4, 2009**     **/s/ Dennis L. Beck**
                UNITED STATES MAGISTRATE JUDGE